UNITED STATES *v.* JUDSON SHELDON DIVISION, NATIONAL CARLOADING CORP. (No. 4812)[1]

United States Court of Customs and Patent Appeals, June 15, 1955

---

[1] C. A. D. 594.

*Warren E. Burger,* Assistant Attorney General (*Richard E. FitzGibbon* and *William J. Vitale,* special attorneys, of counsel), for the United States.

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for appellee.

[Oral argument April 5, 1955, by Mr. FitzGibbon and Mr. Schwartz]

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE, and JACKSON (retired), Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the Customs Court, Third Division, entered pursuant to its decision, C. D. 1581, declaring the liquidation on May 23, 1950 of San Francisco entry No. 08124 to be illegal, as a result dismissing as premature two protests against the liquidation, and directing the collector to repost a bulletin notice of said liquidation so that a timely protest could be filed within 60 days after said posting.

The imported merchandise consists of road graders. It appears from the record that the graders were exported from the United States to Australia in non-working condition. Various parts were manufactured in Australia and added to the graders. The road graders were then imported into the United States, the actual date of entry being December 14, 1948. The entry was liquidated on May 23, 1950 by the posting of a bulletin notice, the pertinent portions thereof being as follows:

Collection District No. 28
·Port San Francisco—Oakland
Bureau of Customs
Bulletin Notice of Entries Liquidated
Entries Liquidated on May 23, 1950, and so Stamped

| Kind of Entry | Entry No. | Date of Entry | Importer or Claimant | Vessel | Remarks (Increase, decrease, no change) |
|---|---|---|---|---|---|
| | | | Free Entries—With Deposit | | |
| | 01824 | 48/49 | National Carloading Corp. Judson Sheldon Division | Indian Bear | Increase |

Written protests were filed and received on August 11, 1950 and September 10, 1951, *more than 60 days* after the date of the bulletin notice of liquidation. In the report of the collector on the protests it was held that they were not received within the statutory period. On appeal, the Customs Court held that the liquidation of the involved merchandise was illegal since the bulletin notice was insufficient to give proper notice of liquidation to the importer.

The basic issue before this court is whether the information contained in the bulletin notice of liquidation was sufficient to inform the importer of the date of liquidation. As a corollary, it must be added that if the importer could have reasonably been misled or confused

by the bulletin notice of liquidation, as posted, then it must be held that the notice was legally insufficient.

The pertinent statutes and regulations are as follows:

TARIFF ACT OF 1930:

Sec. 505. PAYMENT OF DUTIES.

The consignee shall deposit with the collector, at the time of making entry, unless the merchandise is entered for warehouse or transportation, or under bond, the amount of duty estimated to be payable thereon. Upon receipt of the appraiser's report and of the various reports of landing, weight, guage, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

## Sec. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

* * * all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for à clerical error discovered within one year after the date of entry, * * * shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. * * *

Article 16.2 (*d*) of the Customs Regulations of 1943, in effect at the time hereinvolved, provides, in part, as follows:

Upon the return of entries to the collector after the assessment of duties and internal-revenue taxes has been verified by the comptroller, formal entries shall be immediately scheduled on a bulletin notice of liquidation, customs Form 4333. * * * The bulletin notice of liquidation shall be posted as soon as possible in a conspicuous place in the customhouse for the information of importers and shall be dated with the date of posting. The entries for which the bulletin notice of liquidation has been posted shall be stamped "Liquidated," with the date of liquidation, which shall be the same as the date of the bulletin notice of liquidation. Such stamping shall be deemed the legal evidence of liquidation.

The above cited statutes have been before this court previously. It has been held that unless a written protest is filed within 60 days of the liquidation as required by section 514, *supra*, the decision of the collector becomes final and conclusive against all parties including the Government. *Wood & Selick* v. *United States*, 24 C. C.

P. A. (Customs) 355. (Also see *Spiegel Bros.* v. *United States*, 21 C. C. P. A. (Customs) 310, and *Gallagher & Ascher* v. *United States*, 21 C. C. P. A. (Customs) 313, which were decided under the Tariff Act of 1922). However, the notice of liquidation, in order to constitute legal notice, must be given by the collector in the form and manner prescribed by the Secretary of the Treasury, and whether this has been properly done is a question to be determined in each case. *United States* v. *Astra Bentwood Furniture Co.*, 28 C. C. P. A. (Customs) 205.

The case of *United States* v. *Astra Bentwood Furniture Co.*, *supra*, has been cited by both parties. In that case it was held that the bulletin notice of liquidation was illegal since the name of the importer and the date of entry appearing on the notice of liquidation were incorrectly stated. More specifically, the name of the importer, Astra Bentwood Furniture Co., appeared as "Astringent Wood Furniture Co." The date of entry appeared on the notice of liquidation as May 9, 1934 whereas the actual date of entry was May 9, 1933. The court held, insofar as pertinent here, that no notice was ever posted in conformity with the prevailing customs regulations, and that there was therefore no legal liquidation of the entry.

There is no contention here by appellee that the bulletin notice lacked any material information. The contention is that the information which it did contain was improper and that the notice was therefore defective as was held in the *Astra Bentwood* case, *supra*.

It appears from the record and the briefs that the importer presented two reasons why the bulletin notice of liquidation was improper: (1) that the name of the importer was incorrectly given, and (2) that the date of entry was legally insufficient.

The Customs Court rejected reason (1), *supra*, with the following language: "* * * An examination of the entry in question discloses that the importer of record is noted as 'National Carloading Corp—Judson Sheldon Division,' exactly as noted in the bulletin notice. The signature appearing on said entry is typewritten and appears as 'JUDSON SHELDON DIVISION' underneath which appears 'NATIONAL CARLOADING CORP.' * * * Here [in the bulletin notice] the name appears exactly as given in one portion of the entry. * * *" Therefore, it appears that the Customs Court felt that it was not fatal to the bulletin notice that the signature of the importer on the entry varied from the name as it appeared on another portion of the entry, the latter being the form used on the notice of liquidation. We fail to find error in this reasoning.

The Customs Court, however, did feel that the date of entry, which was given in the bulletin notice as "48/49," misled the importer. We feel that the Customs Court was in error in this respect. It appears from the record that importer-appellee submitted in evidence

copies of other notice of postings on May 23, 1950. The date of entry is listed in the same manner, as indicated above, for most of the entries. The Government states in its brief that the notation "48/49" indicates the applicable fiscal year for the serial number of the entry, and that this practice, which avoids the often controversial subject of the actual day of entry, is thoroughly understood by experienced customs brokers and importers. However, there is nothing to this effect in the record. In spite of this omission from the record, it would seem that if this practice was usually followed at the San Francisco port, as indicated by the other postings, the notation "48/49" would be sufficient notice of the date of entry insofar as it is used in conjunction with the specific entry number. Even if it were not the usual practice to use the notation "48/49" it would appear that this method of designating the date should not have misled the importer since, at most, the meaning of this notation would be merely subject to question. In other words, this notation is not inaccurate since it *does* accurately set forth the fiscal year of entry. Furthermore, we are of the opinion that an importer seeing this notation would at most be put on guard to inquire as to the meaning of the notation if he did not understand it, but we do not see how this notation could be misleading so as to cause him to feel that this notation referred to an entry with which he had no concern.

There is one other aspect of this case which warrants brief discussion. The Customs Court stated in its opinion that the above cited notice of liquidation was incorrect since it should have been headed "Dutiable Consumption Entry" instead of "Free Entry—With Deposit" in view of the fact that the importer paid a duty on a portion of the merchandise. In the brief of the Government it is contended that this was error because the "merchandise was *entered free* and merely a *deposit* of estimated duties on a portion of the shipment was paid to the collector prior to liquidation." Appellee-importer, unfortunately, has failed to discuss this aspect of the case in the brief. However, we are of the opinion that the Customs Court was in error since the entry as originally made out was "free" and not "dutiable." Furthermore, it is apparent that there was a deposit paid on the entry. We therefore believe that the heading of the notice of liquidation was proper inasmuch as it was consistent with the incidents which had occurred, and therefore properly identified the entry.

In conclusion, we are of the opinion that the bulletin notice constituted proper notice of liquidation, and was valid. Therefore the failure of the importer to file a written protest within the 60 day period allowed by the statute caused the protests which were filed after this period to be untimely. The liquidation was therefore conclusive against the importer since he failed to file a timely protest.

We have reviewed the facts of this case in the light of both the record and the briefs, and we are of the opinion that since the foregoing is determinative of the issues in this case, the judgment of the Customs Court should be *reversed*.

JACKSON, J., retired, sat for GARRETT, C. J.